UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES G. TERRY, et ux | CIVIL ACTION 07-1615 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| NATIONAL AMERICAN INSURANCE CO., INC. | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the court is plaintiffs' motion to remand, **Doc. 6**, referred to me by the district judge for report and recommendation.

This is a suit in which plaintiffs claim injuries due to a rear end automobile accident. Suit was filed in state court in Rapides Parish and removed by the defendant to this court based on diversity jurisdiction.

Plaintiffs move to remand asserting that the petition for removal is untimely and should have been filed within 30 days of notice of the suit. Plaintiffs argue that the claim of plaintiffs set forth in the petition was "clearly for an amount in excess of $75,000.00" and thus should have been removed within thirty days of notice of the suit.

In the complaint, plaintiff, James Terry, claims damages as follows:

1

> A)  Traumatic cervical sprain/strain with associated muscle spasms and pain in the cervical area;
>
> B)  Disc bulging at the C2-C3 and C3-C4 levels;
>
> C)  Disc protrusion at the C4-C5 level; and
>
> D)  Partial tear and tendinitis in the rotator cuff of the left shoulder.

James Terry also claims having suffered excruciating pain, discomfort, mental anguish, and distress and alleges that he was disabled" for a significant period of time". He also claims entitlement to medical expenses and loss of service, society and consortium as a result of his wife Linda's injuries.

Linda Terry, who was riding as a guest passenger at the time of the accident, claims that she sustained contusions, abrasions and disabling injuries including a severe cervical sprain/strain, severe lumbar strain/sprain and aggravation of preexisting fibromyalgia. She too claims to have suffered excruciating pain, discomfort, mental anguish and distress as well disability "for a significant period of time" and medical expenses.

## Analysis.

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. Therefore, plaintiffs' petition does not allege entitlement to a specific amount of damages. Although Louisiana law allows a plaintiff to allege an amount of damages sought for purposes of

establishing jurisdiction of a court or entitlement to trial by jury, no such allegation is contained in the petition in this case.

It is arguable that the claims made in the complaint make it facially apparent that the damages exceed the jurisdictional limit.  Had defendants chosen to remove the case at that time, their action would likely have withstood a motion to remand. See Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). Compare Simon v. Wal-mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). See also, Gebbia v. Wal-mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000).

However, defendants did not remove the case at that time and under express Fifth Circuit instruction, they were not required to do so. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992). In Chapman, the court held that for purposes of the first paragraph of 28 U.S.C. 1446(b), the thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. To be clear, the court stated that it was adopting a "bright line rule" requiring the plaintiff, if he wishes the thirty day time period to run from the defendant's receipt of the initial pleading, to place in the initial pleading

a specific allegation that damages are in excess of the federal jurisdictional amount. Here plaintiff did not make such a specific allegation with regard to damages.  Therefore defendants were not required to remove the case within 30 days of receipt of the complaint.

Thereafter, defendant propounded interrogatories to the plaintiffs and plaintiff James Terry responded that his general damages were $40,426 and special damages were $9,574, less than the $75,000 jurisdictional limit of federal court.[1]  Later, and on September 11, 2007 defense counsel received supplemental answers to its discovery from James Terry dated September 6, 2007 in which Mr. Terry for the first time, alleged entitlement to damages of $400,000. The removal petition was filed on September 26, 2007, within 30 days of the receipt of the supplemental answers to interrogatories which suffice as an "other paper" within the meaning of 28 U.S.C. 1446(b). See Demette v. Wal-mart Stores, Inc. 1991 WL 637107    ( W.D.La.1991); Bolin v. Wal-Mart Stores, Inc. 6:93CV1562; Malveaux v. Wal-Mart Stores, Inc., et al, 6:95CV1065 (W.D.La. 1995). See also, Sigur v. Emerson Process Management, 2007 WL 1891133 (M.D.Louisiana 2007); Stewart v. Alvarez, 2002 WL 31255407 (E.D.La. 2002); Maheshwari v.

---

[1] Defendant claims in brief that it also propounded interrogatories to Linda Terry and that she also admitted that her damages were less than the jurisdictional limit of federal court. While I have no reason to doubt the accuracy of that claim, I note that the interrogatories to Linda Terry and answers have not been provided to the court.

4

University of Texas-Pan-American, 460 F.Supp. 808 (SDTexas 2006); Thompson v. Southern National Financial Corp. 2006 WL 980783 (S.D.Miss. 2006); City of Dallas v. Explorer Pipeline Co., Inc. 2003 WL 193444 (N.D.Texas 2003); Carter ex. rel. Estate of Carter, 2002 WL 31682352 (E.D.Texas 2002); Anderson v. State Farm Ins. Companies, 2007 WL 2402153 (W.D.Oklahoma 2007); Ortega v. CUNA Mutual Group, 2007 WL 2137950 (W.D.Oklahoma 2007).

Therefore, the removal of James Terry's claim was timely and this court has jurisdiction over the claim.

There is no evidence before me as to the value of Linda Terry's claim and it is not readily apparent that her claim exceeds the jurisdictional limit. Indeed, as noted earlier, she answered interrogatories asserting that her claim did not exceed the jurisdictional limit. In addition, her claim may not be aggregated with that of her husband, James Terry, in order to meet the jurisdictional limit. See Allen v. R & H Oil and Gas Company, 63 F.3d 1326 (5th Cir. 1995). Jurisdiction over her claim may, however, exist if she is a pendent party. Pursuant to 28 U.S.C. 1367 the court has pendent party jurisdiction if the claims are so interrelated that they form part of the same case or controversy. Here the claims are for damages to a husband and to his wife who was riding as a guest passenger in the vehicle. Judicial efficiency would not be served by requiring the case to be tried twice-once as to the husband in federal court and once

5

as to the wife in state court. The claims of both diverse plaintiffs should be heard in federal court pursuant to the authority of 28 U.S.C. 1367.  <u>In re Abbott Laboratories</u>, 51 F.3d 524 (5th Cir. 1995).  The fact that Linda Terry's claim does not, by itself, reach the jurisdictional limit of this court is no impediment to this court's exercise of jurisdiction over it. See <u>Garza v. National American Ins. Co.</u>, 807 F.Supp. 1256 (M.D.La. 1992).

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN**

**AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 20th day of November, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE